UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIVA RAMPERSAD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>RENTEX INCORPORATED, a Massachusetts corporation,<br><br>Defendant. | Case No.: 3:16-cv-01710<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS [Doc. 11]** |

    Pending before the Court is Defendant Rentex Inc.'s ("Rentex") motion to dismiss Plaintiff Shiva Rampersad's ("Rampersad") Complaint for lack of subject matter jurisdiction. The Court decides the matter on the papers submitted and without oral argument. See Civ. L. R. 7.1 (d)(1). For the reasons stated below, the Court **DENIES** Rentex' motion.

//
//
//
//
//
//

## I. BACKGROUND

Rentex is a Massachusetts corporation. Rampersad is a former employee of Rentex. Rampersad's employment with Rentex lasted about twenty years. During his employment, Rampersad worked in the state of Massachusetts. He also owned a home in Massachusetts that he lived in with his fiancé Lyn Fisher ("Fisher") and their son. However, in April 2016, he expressed job dissatisfaction to Rentex, requesting increased pay and a decreased workload. Rentex did not oblige this request. Rampersad therefore quit on June 16, 2016.

Rampersad had executed a non-compete agreement with Rentex. However, sometime before June 27, 2016, Rampersad accepted an employment offer from Full Throttle films, a competitor of Rentex. Rampersad then filed a Complaint with this Court on July 1, 2016 seeking a declaratory judgment that the non-compete agreement is invalid. (See Compl. [Doc. 1].)

Rampersad travelled to San Diego and began his employment with Full Throttle Films on June 27, 2016. Rampersad's fiancé Fisher therefore gave notice to her employer in the month of June 2016 that she was quitting her job in order to move to San Diego with Rampersad. Prior to filing his Complaint, Rampersad also (1) registered to vote in California; (2) obtained a California Driver's license; (3) hired a San Diego Realtor; (4) executed a month to month rental agreement on an apartment in San Diego, to become effective early July 2016; and (5) joined a San Diego hockey league. After filing his Complaint, on July 13, 2016, Rampersad executed a long term lease on a house in Carlsbad, CA that runs through July 2017. On August 1, 2016 he sold his Massachusetts home.

However, Rampersad did not immediately move into a home in San Diego. He stayed at a hotel. Nor did he immediately transport his personal belongings to California or register his vehicles there. Rampersad also returned to Massachusetts shortly after June 27, 2016, and personally received service of Rentex's state court complaint at his

Massachusetts home on July 18, 2016. Furthermore, his son and Fisher did not join him in California until after the filing of his Complaint.

Rentex now moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), alleging that diversity jurisdiction is improper because both parties were citizens of Massachusetts at time of filing. (See MTD [Doc. 11-1].) Rampersad opposes. (See Opp'n [Doc. 14].)

## II. LEGAL STANDARD

A Fed. R. Civ. P. 12(b)(1) attack on subject matter jurisdiction can be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In considering a factual challenge the court need not construe all of Plaintiff's allegations as true. *Id.* Rather, a court may consider evidence and resolve jurisdictional disputes prior to trial as necessary. *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).

Plaintiff claims diversity as the basis of subject matter jurisdiction. In order for diversity jurisdiction to apply, no plaintiff can be a citizen of the same state as any defendant and the amount in controversy must exceed $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. The amount in controversy requirement and Rentex's Massachusetts citizenship are uncontested. Therefore, the dispositive issue is whether Rampersad was a citizen of Massachusetts or California at the time of filing.

An individual's domicile at time of filing determines their state citizenship for purposes of diversity jurisdiction. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). A person establishes domicile in a state by being physically present in the state with a concurrent intention to remain there indefinitely. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Although the inquiry into whether one intends to remain in a place indefinitely is inherently subjective, objective factors can inform this analysis. *See Gaudin v. Remis*, 379 F.3d 631, 637 (9th Cir. 2004). Thus, courts have considered "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or

business, driver's license and automobile registration, and payment of taxes." *Lew*, 797 F.2d at 750. "If the requisite intent exists, a person acquires a new domicile immediately upon arriving at the new location." Rutter Group Practice Guide: Federal Civil Procedure Before Trial, Calif. & 9th Cir. § 2:1219. Once established, an individual's domicile "is not lost until a new one is acquired." *Lew*, 797 F.2d at 750.

### III. DISCUSSION

That Rampersad was physically present in California before the filing of his Complaint is undisputed.[1] The inquiry here therefore focuses squarely on whether, at the time he was physically present in California, Rampersad intended to permanently remain. Rentex contends Rampersad did not so intend. In support of their argument, Rentex relies heavily on *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). In *Lew*, Defendant Moss argued diversity jurisdiction was improper because he had established domicile in Hong Kong at time of filing. *Lew*, 797 F.2d at 748. Moss worked in the garment business for an employer that maintained only one office, located in Hong Kong. *Id.* at 749. During an approximately six month long period beginning about one month before filing, Moss spent extensive time traveling throughout Asia for work purposes, but stayed at a hotel in Hong Kong when not traveling. *Id.* Further, during this timeframe, he visited California twice and renewed his California driver's license. He did not rent an apartment or move his wife and kids to Hong Kong until several months after filing. *Id.* On these facts, the Ninth Circuit found Moss failed to establish domicile in Hong Kong. *Id.* at 752.

Rentex argues that, like Moss, Rampersad prior to filing did not move into an apartment in California or bring his family over and he spent significant time traveling outside of California after his brief stay in late June 2016. Rentex also emphasizes that

---

[1] For this reason, the Court finds unpersuasive Rentex' attempt to analogize to *Heinz v. Havelock*, 757 F. Supp. 1076 (C.D. Cal. 1991).

4

most of Rampersad's property (including the home he owned) remained in Massachusetts until after filing; Rampersad did not cancel his Massachusetts driver's license; and Rampersad maintained active bank accounts in Massachusetts until after filing.[2]

The Court agrees that these facts, considered in isolation, would tend to support a finding that Rampersad did not intend to permanently remain in California at time of filing.  That said, the totality of the circumstances paint a different picture.  It appears beyond dispute that Rampersad has in fact permanently relocated to California given that he now works in California and has sold his home in Massachusetts and moved his fiancé, kid, and property into a long term leased apartment in California.  That his intention to thus permanently relocate to California formed before filing is also evident considering that prior to filing (1) he had quit his job in Massachusetts; (2) he had accepted and assumed a new position in San Diego; (3) his fiancé had filed notice of employment termination at her work, citing a move to San Diego to join Rampersad as the reason;  (4) he executed an apartment rental agreement for an apartment in California; (5) he obtained a California driver's license; and (6) he registered to vote in California.  Because Rampersad was thus present in California in late June, 2016 with a concurrent intention to remain indefinitely, the Court finds Rampersad was a citizen of California at time of filing.

//
//
//
//
//
//

---

[2] Rentex also argues (1) Rampersad did not pay any California taxes before filing and (2) his employment with VER does not require him to reside in California.  Both of these arguments appear factually inaccurate. (See Doc. 7-3 Ex. C. (taxes); Staels Decl. [Doc. 14-5] ¶ 2 (California residency required for employment).)

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court **DENIES** Rentex's motion to dismiss.

**IT IS SO ORDERED**

Dated: March 9, 2017

_____
Hon. M. James Lorenz
United States District Judge